UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY TABERNACLE–THE NEW TESTAMENT
CHURCH,

        Plaintiff,                        Case No. 13-cv-11650
                                          HON. GERSHWIN A. DRAIN

vs.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

_____/

**<u>ORDER DENYING MOTION FOR RECONSIDERATION [#34]</u>**

Presently before the Court is Plaintiff's Motion for Reconsideration, filed on July 22, 2014. Plaintiff seeks reconsideration of this Court's July 18, 2014 Opinion and Order Granting Partial Summary Judgment in favor of Defendant and denying Plaintiff's Motion for Partial Summary Judgment. Plaintiff asserts that this Court's conclusion that its collapse claim is subject to the policy's exclusions for "settling, cracking, shrinking and expansion" and for faulty design was erroneous because the Court relied "upon cases that have no binding precedential authority, are factually distinguishable and do not reflect Michigan law." *See* Plf.'s Mot. at 1.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case

-1-

must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Contrary to Plaintiff's argument, this Court did not commit palpable error when it concluded that Plaintiff's collapse claim is subject to several exclusions in the insurance policy. As an initial matter, Plaintiff re-raises the same arguments already considered and rejected by this Court, specifically that the general policy exclusions do not apply to the extension of coverage for collapse in the policy. "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d at 637.

Moreover, Plaintiff's argument has been rejected by the Michigan courts. *See Pioneer State Mutual Ins. Co. v. Splan*, No. 220477, 2003 Mich. App. LEXIS 743 (Mich. Ct. App. Mar. 18, 2003); *Suttmann v. Wolverine Mut. Ins. Co.*, No. 21904, 1999 Mich. App. LEXIS 2240 (Mich. Ct. App. Dec. 21, 1999). In *Suttmann*, the Michigan Court of Appeals rejected the plaintiffs' argument that the extension of coverage for collapse provision did not incorporate the policy's exclusions provision. 1999 Mich. App. LEXIS 2240, at *7-9 ("We reject plaintiffs' argument that the Exclusions section does not apply to the collapse provision."). The *Suttmann* court noted that "Michigan appellate courts

have explicitly refused to apply concurrent causation theory to find coverage where there is an unambiguous exclusion." *Id.* at *7.

Similarly, in *Splan*, the Michigan Court of Appeals determined that because the insurance policy explicitly excluded coverage for faulty design, its extension of coverage for collapse resulting from ice and snow was inapplicable even if the plaintiffs could show the collapse was due to ice and snow in part because "the unambiguous policy exclusion for . . . faulty design . . . clearly preclude[s] coverage here." 2003 Mich. App. LEXIS 743, at *13. Plaintiff's reliance on case law where courts have found that general policy exclusions do not apply to extensions of coverage for collapse in insurance policies is misplaced. None of the cases involve Michigan contract law and do not demonstrate a palpable defect by which this Court has been misled.

Plaintiff also re-raises its argument that the damage was caused by defective design in part and decay in part. Plaintiff provides numerous definitions of the term "decay," however this does not alter this Court's conclusion. Plaintiff admits the damages were due to faulty design, therefore whether decay played a part in the damage is of no consequence. Michigan courts will not invoke a "concurrent causation theory to find coverage where there is an unambiguous exclusion" because "[c]overage under an insurance policy is lost if any one exclusion is applicable to the claims at issue." *Suttmann*, 1999 Mich. App. LEXIS 2240, at *7.

Plaintiff's last argument is also creative but ultimately unpersuasive upon this Court. Citing to MICH. COMP. LAWS § 600.5839, Plaintiff argues that "[t]he Michigan legislature has even made clear its opinion that a collapse cannot be solely attributable to defective design after more than ten years . . . ." *See* Plf.'s Mot. at 5. This statute sets forth the applicable limitations period for bringing actions against architects and professional engineers for injuries resulting from defective improvements to real property. The statute does not state, either explicitly or impliedly, that collapse

-3-

cannot be attributable to defective design after more than ten years.

Plaintiff unsuccessfully tries to distinguish the authority relevant to the issues raised herein and its motion for reconsideration will be denied. Plaintiff has not demonstrated this Court committed palpable error the correction of which will result in a different disposition of it's July 18, 2014 Opinion and Order. Plaintiff's Motion for Reconsideration [#34] is DENIED.

SO ORDERED.

Dated: August 1, 2014　　　　　　　　　　　　/s/Gershwin A Drain
　　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE